UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

Case:2:19-cr-20451
Judge: Steeh, George Caram
MJ: Patti, Anthony P.
Filed: 07-02-2019 At 01:53 PM
SEALED MATTER (kb)

vs.

VIOLATIONS:
18 U.S.C. § 2 (Aiding and Abetting)
18 U.S.C. § 371 (Conspiracy)
18 U.S.C. § 666(a)(2) (Bribery)

**D-1   JAY A. SCHWARTZ,**

**Defendant.**

_____/

**INDICTMENT**

The Grand Jury charges:

**GENERAL ALLEGATIONS**

At all times relevant to this Indictment, all of the following was true:

1. Defendant **JAY A. SCHWARTZ** was an attorney licensed to practice law in Michigan since 1991. He practiced in various areas, including family law, business law, and litigation.

2. Between 2012 and 2016, Rizzo Environmental Services, Inc. ("RES") was a company operating in Michigan, with its principal office located in Sterling Heights, Michigan. The primary business of RES was the collection, hauling, and

1

disposal of garbage. RES performed this work for private companies and individuals, as well as for municipalities.

3. Charles B. Rizzo served as the Chief Executive Officer of RES, between 2012 and 2016. In addition, Charles B. Rizzo maintained a small minority ownership interest in RES.

4. Dean Reynolds was an agent of the Charter Township of Clinton, Michigan ("Clinton Township"), a local government entity that received federal assistance in excess of $10,000 in each of the calendar years 2009 through 2016. In each of those years, Dean Reynolds served as an elected Trustee of Clinton Township.

5. Quintin Ramanauskas was an employee of RES, and a trusted assistant of Charles B. Rizzo.

6. Angela Selva was an unlicensed attorney and close friend of Dean Reynolds.

7. All "Overt Acts" referred to in this Indictment occurred in the Eastern District of Michigan.

## COUNT ONE

### (18 U.S.C. §§ 371 & 666(a)(2) – Bribery Conspiracy Concerning Programs Receiving Federal Funds)

D-1   **JAY A. SCHWARTZ**

### THE CONSPIRACY

8. The factual allegations from paragraphs 1 through 7 of this Indictment are incorporated here.

9. From in or around March 2014 until in or around January 2016, in the Eastern District of Michigan, Southern Division, defendant **JAY A. SCHWARTZ**, along with Dean Reynolds, Charles B. Rizzo, Quintin Ramanauskas, and Angelo Selva, did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree, with each other and with other individuals, to corruptly give, offer and agree to give thousands of dollars in cash and free legal services to Dean Reynolds, with the intent to influence and reward Dean Reynolds in connection with a business, transaction, or series of transactions with Clinton Township, Michigan, involving $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(2).

### MANNER AND MEANS BY WHICH THE CONSPIRACY WAS CARRIED OUT

10. It was part of the conspiracy that Dean Reynolds would request cash and free legal services from **JAY A. SCHWARTZ**, Charles B. Rizzo, and Quintin Ramanauskas in exchange for Dean Reynolds helping Charles B. Rizzo and RES

3

secure and maintain a garbage contract with Clinton Township valued at approximately $18 million.

11. It was further part of the conspiracy that Charles B. Rizzo and Quintin Ramanauskas would provide cash to Dean Reynolds in exchange for Reynolds's assistance, as an elected Trustee, with the Clinton Township garbage contract with RES.

12. It was further part of the conspiracy that **JAY A. SCHWARTZ**, at the direction of Charles B. Rizzo, would provide free legal services to Dean Reynolds in order to influence and reward him with respect to Reynolds's assistance as a Clinton Township Trustee in securing and maintain the Clinton Township garbage contract.

13. It was further part of the conspiracy that **JAY A. SCHWARTZ** and Angelo Selva would advise and assist Dean Reynolds in obtaining bribes from Charles B. Rizzo and help Reynolds conceal those bribes, including by creating a false promissory note.

## OVERT ACTS

In furtherance of the unlawful conspiracy, and to effect its objectives, the co-conspirators committed the following overt acts, among others:

14. On or about July 24, 2015, Dean Reynolds and Angelo Selva had a telephone conversation, during which they discussed Charles B. Rizzo and **JAY A.**

**SCHWARTZ** providing Reynolds with free legal services in exchange for Reynolds's assistance with the Clinton Township garbage contract.

15. On or about August 14, 2015, **JAY A. SCHWARTZ** told Charles B. Rizzo during a telephone call that Charles B. Rizzo needed to provide $5,000 to Dean Reynolds in order to pay for expenses related to Reynolds's divorce, and suggested that the payment be disguised as a loan from a third party, whom Charles B. Rizzo could later reimburse.

16. On or about September 11, 2015, **JAY A. SCHWARTZ** sent a blank promissory note to Dean Reynolds, who modified it with the assistance of Angelo Selva, to produce a false promissory note in order to conceal bribe payments from Charles B. Rizzo that were used in Reynolds's divorce.

17. On or about November 5, 2015, Charles B. Rizzo directed Quintin Ramanauskas to leave a $3,000 cash bribe payment at the front desk of RES for Dean Reynolds to pick up and use to pay for expenses related to Reynolds's divorce.

18. On or about November 5, 2015, Dean Reynolds collected the $3,000 cash bribe payment at RES and deposited some of that money in his bank account.

All in violation of Title 18, United States Code, Sections 371.

## COUNT TWO

**(18 U.S.C. § 666(a)(2) – Bribery Concerning Programs Receiving Federal Funds)**

**D-1  JAY A. SCHWARTZ**

19. The factual allegations of paragraphs 1 through 7, and 10 through 18 of this Indictment are incorporated here.

20. From in or around March 2014 until in or around January 2016, in the Eastern District of Michigan, Southern Division, defendant **JAY A. SCHWARTZ** did corruptly give, offer, and agree to give a thing of value, that is, free legal services, to any person, that is, Dean Reynolds, intending to influence and reward Reynolds, an agent of Clinton Township, in connection with business and transactions of Clinton Township involving $5,000 or more.

All in violation of Title 18, United States Code, Sections 2 and 666(a)(2).

## COUNT THREE

**(18 U.S.C. § 666(a)(2) – Bribery Concerning Programs Receiving Federal Funds)**

**D-1  JAY A. SCHWARTZ**

21. The factual allegations of paragraphs 1 through 7, and 10 through 18 of this Indictment are incorporated here.

22. On or about November 5, 2015, in the Eastern District of Michigan, Southern Division, defendant **JAY A. SCHWARTZ**, Charles B. Rizzo, and Quintin

Ramanauskas, aiding and abetting each other, did corruptly give, offer, and agree to give a thing of value, that is, a $3,000 cash payment, to any person, that is, Dean Reynolds, intending to influence and reward Reynolds, an agent of Clinton Township, in connection with business and transactions of Clinton Township involving $5,000 or more.

All in violation of Title 18, United States Code, Sections 2 and 666(a)(2).

## FORFEITURE ALLEGATIONS

(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

23. The allegations contained in Counts One through Three this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

24. Upon conviction of a conspiracy to violate Title 18, United States Code, Section 666(a)(2), in violation of Title 18, United States Code, Section 371, as set forth in Count 1 of this Indictment, the defendant, **JAY A. SCHWARTZ**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from gross proceeds traceable to these violations. The United States shall also seek the imposition of a personal forfeiture money judgment against the defendant in an amount up to the

value of gross proceeds obtained as a result of the defendant's participation in the conspiracy to violate Title 18, United States Code, Section 666(a)(2).

25. Upon conviction of the offenses in violation of Title 18, United States Code, Section 666(a)(2) set forth in Counts 2 and 3 of this Indictment, the defendant, **JAY A. SCHWARTZ,** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from gross proceeds traceable to these offenses. The United States shall also seek the imposition of a personal forfeiture money judgment against the defendant in an amount up to the value of gross proceeds obtained as a result of the defendant's violations of Title 18, United States Code, Section 666(a)(2).

26. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

THIS IS A TRUE BILL

*s/ Grand Jury Foreperson*
GRAND JURY FOREPERSON

WILLIAM P. BARR
Attorney General of the United States

JUSTIN E. HERDMAN
United States Attorney Northern District of Ohio

By: *s/ Ava R. Dustin*
Ava R. Dustin (OH: 0059765)
Executive Assistant United States Attorney
Northern District of Ohio

By: *s/ Gene Crawford*
Gene Crawford (OH: 0076280)
Special Assistant Attorney to the
Attorney General in the Eastern District of Michigan
Four SeaGate, Suite 308
Toledo, Ohio 43604
(419) 241-0726
(419) 259-6360 (facsimile)

Dated: *July 2nd*, 2019

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case:2:19-cr-20451<br>Judge: Steeh, George Caram<br>MJ: Patti, Anthony P.<br>Filed: 07-02-2019 At 01:53 PM<br>SEALED MATTER (kb) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in

| **Companion Case Information** | **Companion Case Number:** 16-CR-20732 |
|---|---|
| This may be a companion case based on LCrR 57.10(b)(4)[1]: | **Judge Assigned:** Robert H. Cleland |
| ☑Yes ☐No | **AUSA's Initials:** _GC_ |

**Case Title:**   USA v. Jay A. Schwartz

**County where offense occurred:**   Macomb

**Offense Type:**   Felony

Indictment -- **no** prior complaint

**Superseding Case Information**

**Superseding to Case No:** _____   **Judge:** _____

   **Reason:**

| **Defendant Name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case

July 2, 2019
Date

_Gene Crawford_
Gene Crawford
Special Assistant Attorney to the
Attorney General in the Eastern District of Michigan
Four SeaGate, Suite 308
Toledo, Ohio 43604
T: 419-241-0726
F: 419-259-6360
gene.crawford@usdoj.gov
Attorney Bar #:  0076280 (Ohio)

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence.  Cases may be companion cases even though one of them may have already been terminated