UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                      Case No. 19-20451

JAY SCHWARTZ,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S FIVE
## MOTIONS IN LIMINE (ECF Nos. 27, 29, 65, 66, 67)

Before the court are Defendant's five motions *in limine* seeking to exclude co-conspirator testimony and recorded hearsay statements by alleged co-conspirators and limit the scope of testimony by the FBI case agent during the trial. The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, all five of these motions will be denied.

## I. BACKGROUND

This case involves an expansive public corruption conspiracy in Macomb County, Michigan. Defendant in this case, Jay Schwartz, was indicted on July 2, 2019. (ECF No. 1.) Defendant is accused of being a knowing participant in a scheme by businessman Chuck Rizzo to bribe a public official regarding a Clinton Township waste hauling contract. (*Id.*, PageID.3.) Investigators alleged that, in addition to providing various legal services to Rizzo and his company, Defendant was also, at Rizzo's behest, providing "free" divorce-related legal services (actually underwritten by Rizzo) to Dean Reynolds, then a Clinton Township trustee. (ECF No. 21-2, PageID.188.)

As part of the scheme, the government alleges that Defendant colluded with Rizzo to provide Reynolds with $5,000 to pay expenses related to Reynolds' divorce by disguising the payment as a loan from a third party which Rizzo would later reimburse. (ECF No. 1, PageID.5.) To carry out the scheme, the government argues that Defendant directed Rizzo and Reynolds to recruit third parties—including Angelo Selva who helped draft a false promissory note—to conceal the bribe payment. (*Id.*)

In 2015, the court approved a request by FBI special agents and the Assistant United States Attorneys ("AUSAs") to wiretap the phones of co-conspirators Rizzo and Reynolds. As a result, multiple conversations involving different alleged co-conspirators, including Defendant, have been recorded. Defendant anticipates that the government will seek to admit such recordings at trial, and among other requests, seeks to limit the admission of such recordings at trial.

The government has brought three charges against Defendant: one count of bribery concerning a program receiving federal funds under 18 U.S.C. § 666(a)(2); a conspiracy count under 18 U.S.C. § 371, alleging that Defendant engaged in a conspiracy with Reynolds, Rizzo, Quintin Ramanauskas, and Selva to bribe Reynolds; and an aiding and abetting charge under 18 U.S.C. § 2.

## II. DISCUSSION

Defendant has brought five motions *in limine*. The court will now address each motion in turn.

### A. Motion to Exclude Hearsay Statements of Selva and Reynolds

First, Defendant argues that all intercepted conversations between Selva and Reynolds are not admissible under the co-conspirator hearsay exception contained in

Federal Rule of Evidence 801(d)(2)(E). (ECF No. 27.) Defendant reasons that because he never talked to Selva, or even knew of his existence, the government has failed to present sufficient evidence demonstrating that Defendant was engaged in a common conspiracy. (*Id.*, PageId.862.)

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if it is offered against an opposing party and "was made by the party's co[-]conspirator during and in furtherance of the conspiracy." To admit the statements of a co-conspirator against a defendant as "non-hearsay" under Rule 801(d)(2)(E), this court must find, consistent with *United States v. Enright*, 579 F.2d 980, 986-87 (6th Cir. 1978), that: (1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator made the statements during the course and in furtherance of the conspiracy. *See United States v. Wilson*, 168 F.3d 916, 920 (6th Cir. 1999); *United States v. Warman*, 578 F.3d 320, 335 (6th Cir. 2009) (noting that the Sixth Circuit "sometimes refer[s] to this as an Enright finding"). To make such a determination regarding hearsay the court has three options. It may admit the hearsay under the conspiracy exception "(a) after the government has established the conspiracy by a preponderance at the trial, or (b) at a 'mini-hearing,' or (c) conditionally subject to connection." *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979); *see also United States v. Maliszewski*, 161 F.3d 992, 1007 (6th Cir. 1998) (citing *United States v. Breitkreutz*, 977 F.2d 214, 218 (6th Cir. 1992)).

Defendant raises a somewhat complex argument for why he could not be a member of the same conspiracy as Reynolds and Selva, making the recorded conversations inadmissible under FRE 801(d)(2)(E). He observes that while Reynolds

3

was previously convicted for *taking* a bribe under 18 U.S.C. § 666(a)(1)(B), Defendant is charged for allegedly conspiring to *give* a bribe a violation of 18 U.S.C. § 666(a)(2). Because § 666(a)(2) criminalizes the offering of a bribe to a public official, while § 666(a)(1)(B) makes it a crime to solicit and take a bribe, Defendant says that "Congress thereby created two distinct offenses." (*Id.*, PageID.874.) Since Defendant did not have the same legal objective as Reynolds and Selva, all of them cannot, as a matter of law, be in conspiracy together. (*Id.*) Therefore, Defendant reasons that, at most, Defendant and Rizzo "were involved in [a] *different* [parallel] conspirac[y]" to *give* a bribe. (*Id.*, PageID.874, 876.) Defendant requests that the court make an admissibility determination at a "mini-hearing" before trial to "alleviate the risk of severe prejudice" because "[e]ven in a light most favorable to the government, the evidence before the court shows the government is attempting to compress allegations by several independent actors and two distinct conspiracies (Rizzo/Schwartz and Selva/Reynolds) in order to tie Selva and Reynold's otherwise inadmissible hearsay into the case." (*Id*. PageID.882.)

  The court finds, however, that it is possible—as alleged by the government—that Defendant, Rizzo, Selva, and Reynolds all were participants in the same straight-line conspiracy with a single objective—facilitating the bribery of a township official. Since a single overarching theory is legally feasible, based on the facts alleged in the indictment, the court concludes that conditional admission of the statements at trial subject to connection is likely the best course.

  First, contrary to Defendant's contention, courts have interpreted § 666(a)(1)(B) and § 666(a)(2) to be essentially different sides of the same coin and have allowed a

4

bribe recipient to be charged as part of a conspiracy to *offer* a bribe to a public official under § 666(a)(2). For instance, the Sixth Circuit recently rejected a former public official's argument that the jury instructions at his trial improperly framed his conduct as part of "conspiracies for the contractors to *offer* or pay [to a defendant] a bribe in violation of 18 U.S.C. § 666(a)(2), whereas the indictment framed those same counts as conspiracies for Warner to *solicit or accept* a bribe in violation of 18 U.S.C. § 666(a)(1)(B)." *United States v. Warner*, 843 F. App'x 740, 746 (6th Cir. 2021). The court found that "the elements of conspiracy to pay and conspiracy to solicit a bribe merge completely when the co-conspirators are themselves the bribe's payor and payee, as they were here" so "any conflating of payor and payee bribery would not have affected [the defendant]'s substantial rights." *Id.* (citing 1 Modern Federal Jury Instructions-Criminal ¶ 27A.02 (2020 Lexis)). *See also United States v. Abbey,* 560 F.3d 513, 519-20 (6th Cir. 2009) (affirming a defendant city administrator's convictions for both "conspiracy under 18 U.S.C. § 371 to bribe a public official under 18 U.S.C. § 666(a)(2), and corrupt solicitation of a bribe by a public official under 18 U.S.C. § 666(a)(1)(B)").

  Furthermore, the Supreme Court has reaffirmed that a conspiracy charge under 18 U.S.C. § 371 does not require "each member of a conspiracy to agree to commit each element of the substantive offense," and that a co-conspirator can "be convicted of conspiring to commit a substantive offense that he . . . cannot personally commit." *Ocasio v. United States*, 136 S. Ct. 1423, 1430, 1432 (2016) (quotations omitted). Relying on the "long-recognized principles of conspiracy law," the Court found in *Ocasio* that the defendants, who owned a body shop, could be convicted as part of a conspiracy to commit extortion in violation of the Hobbs Act by colluding with policemen

5

to "obtain property under color of official right," despite being "incapable of committing the underlying substantive offense as principals." *Id.* at 1429, 1432.

The reasoning from *Ocasio* also applies to Reynold's conduct. Even if the court were to assume, *arguendo*, that Reynolds was incapable of violating § 666(a)(2) by engaging in self-bribery, he could still have been part of a conspiracy with the Defendant to bribe himself despite being unable to engage in the underlying offense. *See id.* By allegedly assisting Rizzo and Defendant, and enlisting another co-conspirator (Selva), to make the bribe payment possible, Reynolds could enter into an agreement "that the underlying crime be committed by a member of the conspiracy."[1] *Id.* at 1432. In sum, the court finds that there is nothing in the law of conspiracy, or the statutory text of § 666(a)(2), that prevents Defendant, Reynolds, Rizzo, and Selva from being part of the same chain conspiracy as alleged by the government.

However, the government must still present evidence that "establishe[s] the conspiracy by a preponderance" for the hearsay exception contained in Rule 801(d)(2)(E) to apply to Reynold's and Rizzo's intercepted statements. *Vinson*, 606 F.2d at 153. Defendant favors a pre-trial hearing to make such a factual determination. He argues the possibility of prejudice if jurors hear later excluded hearsay testimony weighs in favor of a pre-trial determination. But it remains "clearly within the district court's discretion under *Vinson* to decide to conditionally admit the hearsay statements subject

---

[1] The court also rejects Defendant Schwartz's contention that he cannot, as a matter of law, be part of the same conspiracy as Selva because he never met him. *See, e.g., United States v. Martinez*, 430 F.3d 317, 332-33 (6th Cir. 2005) (citations omitted) ("In a drug distribution 'chain' conspiracy, it is enough to show that each member of the conspiracy realized that he was participating in a joint venture, even if he did not know the identities of every other member, or was not involved in all the activities in furtherance of the conspiracy.").

to a later demonstration of their admissibility by a preponderance of the evidence." *United States v. Montgomery*, 358 F. App'x. 622, 626 (6th Cir. 2009).

The court concludes that such a determination in the present case is an issue best left for trial. Such an evidentiary hearing pre-trial carries its own risks, especially when "the determination 'may also coincide with an ultimate question of fact for the jury' as it does here." *United States v. Harrington*, No. 15-CR-20597, 2016 WL 3213385, at *2 (E.D. Mich. June 10, 2016) (Ludington, J.) (quoting *Enright*, 579 F.2d at 986). And based on the circumstances of this case, the court finds a pre-trial hearing would be "burdensome, time-consuming, and uneconomic." *Vinson*, 606 F.2d at 152. "The court will not require the Government to prove evidence of a conspiracy under [Rule] 801(d)(2)(E) at a pre-trial hearing, and then use the same evidence at trial to prove to a jury that Defendants engaged in the same conspiracy." *United States v. Johnson*, No. 11-20551-40, 2014 WL 12703420, at *1 (E.D. Mich. Mar. 26, 2014) (Cleland, J.). Reviewing the limited evidence cited by the government in its briefing regarding this motion *in limine*, it appears probable that the government will be able to present enough evidence demonstrating the existence of a conspiracy to satisfy the preponderance of the evidence standard.[2] (*See* ECF No. 27-6, PageID.1106-08 (informing Rizzo that "you gotta figure out how" to conceal the source of $5,000 Reynolds needed for divorce evaluation to prevent arousing suspicion and advising that "you guys gotta find some third party that can loan him the money"); ECF No. 27-5, PageID.1093 (attaching sample promissory note to an email and saying "[w]hover is lending you the money will

---

[2] To be clear, this observation does not mean the court has yet made a final determination on this issue. The court will only make such a determination after hearing the testimony more fully at trial.

7

probably want to have their counsel take this and conform it to whatever the agreement is regarding repayment").) "While Defendant would no doubt welcome the chance to preview the government's case and how it intends to present that case to the jury, the court declines to force the government to provide this roadmap, particularly when Defendant has put forth no compelling reason to do so." *Johnson*, 2014 WL 12703420, at *1. The court is prepared to receive arguments at trial as to the legitimacy of proffered 801(d)(2)(E) statements and rule consistent with the requirements of *Vinson* and *Enright* as explained above. To the extent this motion requests a pre-trial evidentiary hearing on this issue, the motion is denied.

### B. Motion to Exclude Speculation by Selva

Defendant has now also filed a motion *in limine* "to exclude speculation" by Selva. (ECF No. 65.) He argues that even if the court declines to exclude Selva's testimony in its entirety, the court should still exclude "those parts of the telephone conversations with Reynolds in which he engages in rank speculation regarding Mr. Schwartz's knowledge and intent." (*Id.*, PageID.2506.) Selva, who did not interact directly with Defendant Schwartz, provided Reynolds with advice during intercepted phone calls and assisted the alleged conspiracy by revising a sham promissory note. (*Id.*) Defendant points to portions of the call transcript where Selva speculates that Defendant emailed Reynolds an overly complicated sample promissory note to distance himself from the sham document. (*Id.*, PageID.2508.) And he contends that Selva, when testifying at Reynold's trial, "continued to offer his speculative interpretation of the evidence for conversation he was not a part of." (*Id.*, PageID.2509.) Defendant requests that the court redact "all portions [of the intercept transcript] containing Selva's opinion

and spit-balling about what Mr. Schwartz 'really meant'" and that the court should also prevent Selva from testifying to such opinions, as a lay witness, at trial. (*Id.*, PageID.2512.)

The government responds that the whole purpose "of the telephone call [between Selva and Reynolds] is to advance the objective of the conspiracy" so "the government intends to admit this telephone conversation in its entirety pursuant to Federal Rule of Evidence 801(d)(2)(E)." (*Id.*, PageID.2816-17.) The government points out that the Sixth Circuit has previously adopted a broad definition of what co-conspirator communications can be considered in furtherance of a conspiracy. (*See id.* (citing *United States v. Martinez*, 430 F.3d 317, 327 (6th Cir. 2005).) The government contends Selva's recorded comments regarding Defendant's motives are "inextricably bound with the planning of the conspiracy." (*Id.*, PageID.2118.) According to the government, the fact that Selva needed to modify the sham promissory note that Defendant provided illustrates Defendant's attempt at concealing the conspiracy. (*Id.*) The government concludes that the intercepted calls should be admitted in their entirety. (*Id.*, PageID.2820.) And in his reply brief, Defendant now concedes that the admissibility of Selva's recorded observations largely "depends on Angelo Selva's alleged status as a coconspirator." (ECF No. 72, PageID.2832.)

As the court has explained in greater detail above, the court finds that the government has offered a plausible foundational basis—801(d)(2)(E)— for the admission of such recorded conversations made during and in furtherance of the conspiracy. The court intends to rule with finality on the quested of Rule 801(d)(2)(E) admissibility after hearing the trial testimony more fully. The court will not preemptively

9

determine discrete questions of this kind in advance of receiving actual testimony at trial. Therefore, this motion is denied.

### C. Motion to Preclude Testimony by Case Agent as Narrator or Interpreter

Defendant previously filed a motion seeking to prevent FBI case agent Robert Beeckman from being recalled during the government's case-in-chief. (*See* ECF No. 29.) Defendant's motion was apparently based on the fact that Beckman testified multiple times during the trial of Dean Reynolds. In response to the motion, the government indicates that because the case against Defendant Schwartz is "narrower" "it does not anticipate calling the case agent more than once during its case in chief." (ECF No. 31, PageID.1288.) The court, therefore, concludes that this motion should be denied as moot.

### D. Motion to Preclude Robert Beeckman from Offering Speculation and Irrelevant Testimony

Defendant has also filed a motion *in limine* regarding the contents of Agent Beeckman's testimony. Based on Beeckman's testimony to the grand jury—which Defendant contends included speculation "regarding what Mr. Schwartz 'knew' and his interpretation regarding what the plain language of the participants in the calls 'really meant'"—Defendant now argues that the court should enter an order expressly precluding Beeckman from speculating and barring him from discussing his past cases and lectures. (ECF No. 67, PageID.2697.) He contends such testimony would violate Federal Rule of Evidence 701 which limits opinion testimony by lay witnesses.

The government indicates that it does plan to have Beckman provide "background information and put [intercepted] calls in context with other calls" but states it intends to limit such testimony to observations "based on Beeckman's personal knowledge of the

10

case" after producing evidence that establishes a proper foundation as required by *United States v. Freeman*, 730 F.3d 590, 599 (6th Cir. 2013). (*Id.*, PageID.2825.) And the government posits that "[m]ost of what was said on the interpreted conversations need little interpretation." (*Id.*) As to eliciting testimony regarding the agent's background and credentials, the government responds by indicating that such questioning will be limited to his education, the length of his career, where he has worked, what types of cases he has investigated and a very general description of those case types. (ECF No. 71, PageID.2826.)

Since the government has indicated that it intends to closely hew to the dictates of Rule 701 and *Freeman*, the court sees no need to speculatively determine what issues Beckman *might* testify to at trial that could go beyond the foundation laid by the government. This motion is therefore terminated as moot. If, however, the government's questioning during trial is thought to run afoul of the principles presented, counsel should bring that to the attention of the court for a ruling.

### E. Motion to Preclude 404(b) Evidence

Defendant's final motion *in limine* seeks to prevent the government from introducing evidence of other crimes in violation of Federal Rule of Evidence 404(b). (*See* ECF No. 66.) The initial motion indicates a trepidation that the government may seek to introduce evidence suggesting that Defendant "was aware of Mr. Rizzo's other schemes and criminality." (*Id.*, PageID.2686.)

The government responds that it does not plan to introduce any evidence that would run afoul of Rule 404(b). (ECF No. 71, PageID.2826-27.) The government indicates its plan is to limit the evidence to roughly the timeline alleged in the

conspiracy. (*Id.*) And the government maintains that any reference at trial to a separate waste hauling contract that Rizzo pursued in Livonia, Michigan would be limited to Defendant's intercepted comment about this other contract. During one intercepted call, Defendant suggested that Reynolds could use the "help" Reynolds provided Rizzo with regards to a Livonia contract as an excuse for why Reynolds would need to recuse from a vote on the waste hauling contract in Clinton Township. (*Id.*)

The court first notes that the recording at issue does not appear to lead to an inference that Defendant himself engaged in any past illegal conduct regarding the Livonia contract. If the court assumes, for the sake of argument, that such an inference could be drawn, however, the Sixth Circuit has found that "evidence relating to the background of the charged offense, known as 'res gestae evidence,' is also considered 'intrinsic' and admissible, meaning the court would not undertake a Rule 404(b) analysis." *United States v. Sumlin*, 956 F.3d 879, 889-90 (6th Cir. 2020). "[E]ven if the evidence at issue relates to a defendant's uncharged criminal conduct, the evidence still is admissible if the conduct arises from the same events as and is directly probative of defendant's charged offense." *Id.* at 889 (quotations omitted). Defendant's suggestion of the Livonia cover story represents at least some evidence that Defendant was aware of the corrupt nature of the underlying scheme in Clinton Township, which is central to the conspiracy alleged by the government. Such a cover story is only required when the real reason for conduct needs to be obscured. Therefore, Defendant's recorded statement "completes the story of [the] charged offense" and does not constitute Rule 404(b) evidence. *See Sumlin,* 956 F.3d at 890. Since Defendant has failed to identify any evidence that is actually covered by Rule 404(b), this motion is denied as moot. If

12

the government seeks to introduce evidence at trial that is covered by Rule 404(b), counsel can then raise an objection.

### III. CONCLUSION

For the reasons explained above, the court finds that all five motions *in limine* presented by Defendant should be denied at this time. Accordingly,

IT IS ORDERED that Defendant's "Motion to Exclude Hearsay Statements of Selva and Reynolds" (ECF No. 27) is DENIED to the extent it requests a pre-trial hearing on the issue.

IT IS ORDERED that Defendant's "Motion to Preclude Testimony by Case Agent as Narrator or Interpreter" (ECF No. 29) is DENIED as MOOT.

IT IS ORDERED that Defendant's "Motion in Limine to Exclude Speculation by Selva" (ECF No. 65) is DENIED.

IT IS ORDERED that Defendant's "Motion in Limine to Preclude 404(b) Evidence" (ECF No. 66) is DENIED as MOOT.

IT IS ORDERED that Defendant's "Motion in Limine to Preclude Robert Beeckman from Offering Speculation and Irrelevant Testimony" (ECF No. 67) is DENIED as MOOT.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 10, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 10, 2021, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                               /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Criminal\19-20451.SCHWARTZ.MotionsInLimine.AAB.docx