UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Hon. Robert H. Cleland

v.

JAY A. SCHWARTZ,                  No. 3:19 CR 20451

        Defendant.
_____/

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE (DOC. 78)**

The government opposes Schwartz's motion to continue the trial due to COVID-19 protocols because such protocols do not alter or affect Schwartz's constitutional trial rights.

Schwartz takes issue with two of the COVID-19 protocols: masking and social distancing; and claims the current pandemic will affect who will show up as part of the venire or cause an adjournment if someone were to test positive in the middle of trial. None of his argument are compelling.

    A.    **The masking requirement for the venire does not affect Schwartz's trial right**

While the COVID-19 pandemic is new and ongoing, this Court is not the first court in the country to analyze whether a masked venire affects a defendant's

trial rights. Every court to consider the issue, at the objection of the defendant or government, reached the same conclusion- masking does not infringe on a defendant's constitutional trial rights. *See, e.g. United States v. Crittenden*, No. 4:20-CR-7 (CDL), 2020 WL 4917733, at *8 (M.D. Ga. Aug. 21, 2020) ("Of course, under normal circumstances, being able to see a potential juror's full facial expressions may be tactically preferable. But the Court is unconvinced that it is required by the Constitution. Through their review of informative juror questionnaires and questioning during voir dire, the parties should be able to obtain sufficient information to detect bias, disqualify jurors for cause, and exercise peremptory challenges. That is what the Constitution requires."); *United States v. Thompson,* No. CR 19-1610 MV-4, 2021 WL 2402203, at *5 (D.N.M. June 11, 2021) ("the Court is aware of no authority . . . holding that the Sixth Amendment right to an impartial jury or Due Process demand that the defendant have unimpeded visual access to prospective jurors' facial expressions during jury selection. . . . The Court believes that [defendant's] ability to ask questions during voir dire and to see the upper half of prospective jurors' faces is enough to satisfy his constitutional rights during jury selection . . . .); *United States v. Trimarco*, No. 17-CR-583 (JMA), 2020 WL 5211051, at *5 (E.D.N.Y. Sept. 1, 2020) ("Being able to see jurors' noses and mouths is not essential for assessing credibility because demeanor consists of more than those two body parts since it includes the

language of the entire body."); *United States v. Watkins*, No. 18-CR-32-A, 2021 WL 3732298, at *7 (W.D.N.Y. Aug. 24, 2021) ("[T]he Court finds that the defendant's rights to a fair and impartial jury were not violated by the Court's requirement that prospective jurors wear opaque surgical masks during jury selection.")

The same logic and reasoning apply here. Schwartz will have the opportunity to question potential jurors, witness their body language and tone of voice, and exercise peremptory challenges. These steps protect his constitutional trial rights. The same can be said for the petit jurors wearing masks during the pendency of the trial, and therefore, cannot be used as a basis to continue the trial.

      **B.**    **The number of jury rows is immaterial to the constitutionality of the trial**

Schwartz takes issue with the fact the jurors will be in four rows as opposed to the typical two and makes a peculiar argument that somehow that arrangement makes it "not physically possible to observe all twelve jurors' reactions simultaneously . . . ." (Doc. 78, PageID 2859). First, Schwartz did not cite nor is the government aware of any authority that all jurors must be positioned so to be viewed all at the same time.

Second, as the government understands it, all jurors will either be in the jury box or directly in front of the box in the well of the courtroom. Accordingly, all

twelve jurors will be in sight when looking in that direction and eliminates Schwartz's concern.

Nonetheless, so long as the jurors can hear argument from counsel, hear the witnesses, and see the exhibits his trial rights are protected and there is no need to continue the trial.

### C. The remaining two issues are premature

Schwartz's final two points in support of his objection is the possibility of an adjournment if someone connected to the trial test positive for COVID-19 in the middle of trial and concerns that a "fair cross section" of the community will not show up for jury duty.

Both issues are speculative and premature. There are numerous examples of federal criminal jury trials occurring in the last six months throughout the country without any interruption because of a positive COVID-19 screen, and thus, the Court and the parties can deal with such an issue if, and when, it arises.

Similarly, Schwartz claims that the COVID-19 pandemic "likely substantially reduced the Court's . . . ability to select a meaningful cross-section of the community." (Doc. 78, PageID 2862). However, a fair cross-section claim cannot arise before the venire is even called. Additionally, in order to be successful on such a claim a defendant has to show a *pattern of venires* that lack fair and reasonable representation based on a *systematic* exclusion of same. *See*

*Duren v. Missouri*, 439 U.S. 357, 360 (1979); and cannot rely solely on the composition of the venire at his own trial. *United States v. Olaniyi-Oke*, 199 F.3d 767, 773 (5th Cir. 1999); *McGinnis v. Johnson*, 181 F.3d 686, 690 (5th Cir. 1999) ("[A] one-time example of underrepresentation of a distinctive group wholly fails to meet the systematic exclusion element of *Duren*.")

Accordingly, Schwartz's last two claims are without merit.

### D.     Conclusion

While conducting a trial during a global pandemic is less than ideal, the stated protocols and procedures adequately protect Schwartz's constitutional rights to a fair trial, and therefore, his motion should be denied.

MERRICK B. GARLAND
Attorney General of the United States

BRIDGET M. BRENNAN
Acting United States Attorney for the
Northern District of Ohio

s/ Gene Crawford
Gene Crawford (OH: 0076280)
Michael J. Freeman (OH: 0086797)
Special Assistant Attorneys to the
Attorney General in the Eastern
District of Michigan

Four Seagate, Suite 308
Toledo, Ohio 43604
(419) 259-6376
gene.crawford@usdoj.gov